UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, individually, and on behalf of others similarly situated, ) ) ) ) Plaintiffs, ) v. ) ) SSM HEALTH CARE ) CORPORATION, d/b/a ) SSM HEALTH, *et al.*, ) ) Defendants. ) | No. 4:24-cv-00317 SEP |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction. Doc. [22]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

Plaintiffs filed this putative class action on February 2, 2024, in the Circuit Court for the City of St. Louis, Missouri, against Defendants SSM Health and Navvis & Company, LLC.[1] Doc. [1-1]. The Complaint arises out of Defendants' alleged failure to protect the confidential medical information of SSM Health's patients, "resulting in the unauthorized disclosure of [the confidential information] between July 12, 2023, and July 25, 2023, during a cyberattack to Navvis' systems." Doc. [1-1] ¶ 1. Plaintiffs assert six causes of action against Defendants: (1) negligence; (2) negligence *per se*; (3) invasion of privacy; (4) breach of implied contract; (5) unjust enrichment; and (6) violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020, et seq. *Id.* ¶¶ 154, 166, 167, 174, 191, 198.

Defendants removed the action to this Court on March 1, 2024, asserting that the matter presents a substantial federal question because their negligence *per se* claim requires the Court to consider important issues of federal law. *See* Doc. [1]. Plaintiffs request that the Court remand the action, arguing the Court lacks subject

---

[1] Navvis provides health management services to SSM Health. Doc. [1-1] ¶ 3.

matter jurisdiction, because the Complaint's references to the Federal Trade Commission Act, 15 U.S.C. § 45, and the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d et seq., are "merely to establish the standard of care element in the[ir] Missouri negligence *per se* claim, not for the purpose of holding Defendants liable under those laws." Doc. [23] at 16.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen*, 511 U.S. at 377). A claim may be removed to federal court only if it could have been brought there originally. *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (citation omitted). Federal courts have original jurisdiction over all civil actions "arising under" federal law. *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (citing 28 U.S.C. § 1331) (quotation marks omitted). Whether a claim "arises under" federal law depends on the contents of the well-pleaded complaint. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Most commonly, a plaintiff invokes federal-question jurisdiction by explicitly asserting a federal cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). But "in certain cases," the Supreme Court has explained, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* So a plaintiff may also invoke federal question jurisdiction if his right to relief necessarily depends on the resolution of a substantial question of federal law, even if the complaint itself references no federal causes of action. *Great Lakes*, 843 F.3d at 329 (citing *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)).

To determine whether a case fits within this "special and small category," the Court must determine whether a state-law claim necessarily raises a federal issue that is "actually disputed and substantial, which a federal forum may entertain

2

without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citing *Grable*, 545 U.S. at 314). Put another way, a state-law claim may invoke federal-question jurisdiction if: "(1) it necessarily raises a federal issue; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) a federal forum may entertain the state-law claim without upsetting the balance of federal and state judicial responsibilities." *Mitchell v. Marriott Int'l Inc.*, 2017 WL 5633111, at *2 (E.D. Mo. Nov. 21, 2017) (cleaned up). The burden of proving all jurisdictional facts is on the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936), and all doubts about jurisdiction should be resolved in favor of remand. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).

## DISCUSSION

### I. Remand is proper because the Court lacks subject matter jurisdiction.

Under Missouri law, to establish liability for negligence *per se*, a plaintiff must prove: (1) the defendant violated an applicable law or regulation; (2) the plaintiff was a member of the class of persons intended to be protected by the statute; (3) the injury was of the kind the statute was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of the injury. *Sill v. Burlington N. R.R.*, 87 S.W.3d 386, 392 (Mo. Ct. App. 2002). Here, Plaintiffs allege that Defendants violated the FTC Act and HIPAA, and accordingly, those statutes set the standard of care for their negligence *per se* claim. *See* Doc. [1-1] at ¶¶ 147-54; *see also Lowdermilk v. Vescovo Bldg. & Realty Co.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (standard of care in a negligence *per se* claim is based upon the statute allegedly violated). Defendants argue that because Plaintiffs' negligence *per se* claim turns on allegations that they failed to institute data protection safeguards required by the FTC Act and HIPAA, Plaintiffs' Complaint necessarily raises important federal questions that warrant this Court's exercise of jurisdiction. *See*

3

Doc. [25] at 6.  Plaintiffs counter that removal was improper, as Count II presents solely a Missouri state-law claim for negligence *per se*, and merely referencing federal statutes to provide the standard of care does not confer original jurisdiction on this Court.  *See* Doc. [23] at 16.  The Court agrees with Plaintiffs.

This case is strikingly similar to another recent case in this jurisdiction in which a plaintiff brought a Missouri state-law claim of negligence *per se* based on a data breach that allegedly exposed the plaintiff's confidential medical information to third parties.  *See Stark v. SA Hospital Acquisition Group*, LLC, 4:22-cv-01183-MTS, Doc. [7] (E.D. Mo. Nov. 7, 2022).  Stark's negligence *per se* claim was based on an alleged violation of the FTC Act, and, just like here, borrowed the standard of care from that federal statute.  *Id*.  The *Stark* defendants removed the case to federal court, asserting that because Stark's claims were based on alleged violations of the FTC Act and HIPAA, the court's necessary examination of those federal statutes conferred original jurisdiction over the matter.  *Id*. at Doc. [1].  Stark moved for remand, arguing, like Plaintiffs here, that he did not assert a federal claim because the federal statute merely provided the standard of care to support his state-law claim for negligence *per se*.  *Id*. at Doc. [14].  The *Stark* court determined that no federal question jurisdiction existed and remanded the case to state court.  *Id*. at Doc. [24].  In reaching that conclusion, the court explained that although Stark's negligence *per se* claim "exclusively relies on a standard of care derived from the FTC Act, 'the presence of the federal issue as an element of [a] state tort is not the kind of adjudication for which jurisdiction would serve . . . the federal system.'"  *Id*. at 5 (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 814 (1986).  The court went on to state that "[b]ecause Plaintiff simply uses federal law to establish one element of a state-law claim, there is no substantial issue of federal law" present in the case.  *Id*. (internal quotations omitted).  The court noted that the question at issue—whether the defendants used reasonable measures to protect consumers' personal medical information—was "fact-bound and situation specific," and only "significant to the particular parties in the immediate suit," which further supported the absence of a "substantial" issue of federal law.

4

*Id.* at 6 (citing *Gunn*, 568 U.S. at 260 for the proposition that an issue of federal law is "substantial" when it is important to the federal system as a whole, and not only to the particular parties in the immediate suit).  This analysis is equally applicable to the instant matter.

The court's reasoning in *Stark* is also consistent with other cases where federal district courts have concluded that importing the standard of care from a federal statute is insufficient to place a case within that "special and small category" of cases where "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."  *Gunn*, 568 U.S. at 258.  *See, e.g., C.J. ex rel. Brady v. Truman Med. Ctr., Inc.*, 4:20-cv-00261-DGK, 2020 WL 3473651, at *3 (W.D. Mo. June 25, 2020) (finding no "substantial" federal claim even though the plaintiff's negligence *per se* claim relied exclusively on a standard of care derived from HIPAA, the FTC Act, and the Gramm-Leach-Bliley Act); *I.S. v. Washington Univ.*, 2011 WL 2433585, at *5 (E.D. Mo. June 14, 2011) (finding that plaintiff's negligence *per se* claim "does not raise any compelling federal interest nor is a substantial federal question presented . . . . [even though] HIPAA is clearly implicated in the claim" by providing the standard of care applicable to defendant's alleged negligence); *Henderson v. Jordan*, 2009 WL 2168692, at *2 (E.D. Mo. July 17, 2009) (finding no federal question jurisdiction even though plaintiff's state-law claim derived its standard of care from federal securities law); *Harmon v. Maury Cnty., Tenn.*, 2005 WL 2133697, at *1 (M.D. Tenn. Aug. 31, 2005) (where plaintiff asserted a state-law negligence *per se* claim based on a violation of HIPAA, holding that alleged breach of a federal statute to support negligence *per se* is not sufficient to give rise to federal question jurisdiction).

The Court is persuaded by the reasoning of *Stark* and the other cases cited above.  Defendants have failed to demonstrate that Plaintiffs' state-law claims implicate any significant federal question, and so this case does not belong to the "special and small category" of cases where federal "arising under" jurisdiction exists despite there being no federal cause of action.  *Gunn*, 568 U.S. at 258.

Accordingly,

5

**IT IS HEREBY ORDERED** that Plaintiffs John Doe and Jane Doe's Motion to Remand for Lack of Subject Matter Jurisdiction, Doc. [22], is **GRANTED.**

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 13th day of May, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE